The Honorable Paul B. Snyder

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC.,<br><br>Debtor. | Case No. 08-12229-MFW<br>District of Delaware<br>Chapter 11 |
| ESOPUS CREEK VALUE LP and<br>MICHAEL WILLINGHAM<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL, INC.,<br><br>Defendant. | Adversary No. 10-04136<br><br>ANSWER TO FIRST AMENDED COMPLAINT TO COMPEL SHAREHOLDERS' MEETING |

Defendant Washington Mutual, Inc. ("WMI") through the undersigned attorneys,

answers the First Amended Complaint ("FAC") filed by Plaintiffs Michael Willingham and

ANSWER TO FIRST AMENDED
COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING – 1
53000-0005/LEGAL18177864.2

Esopus Creek Value Fund LP ("Plaintiffs"), by and through their attorneys. WMI denies all allegations unless expressly admitted herein. WMI answers the allegations in the like-numbered paragraphs of the FAC as follows:

## I. NATURE OF ACTION

1. The allegations in paragraph 1 do not require a response. To the extent that a response is required, WMI admits that Plaintiffs purport to bring this action as a result of the fact that WMI has not convened an annual shareholders' meeting but deny that they are entitled to their requested relief.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent that paragraph 2 contains factual allegations that require a response, WMI admits that it is a publicly traded company but denies that it has not complied with U.S. Securities and Exchange Commission ("SEC") requirements or related securities laws. WMI admits that WMI and one of its subsidiaries filed for Chapter 11 bankruptcy on September 26, 2008. WMI admits that since filing for bankruptcy, WMI has adopted appropriate modified reporting procedures under the SEC Staff's Legal Bulletin No. 2 and, accordingly, no longer files periodic public reports on Forms 10-Q and 10-K. Instead, WMI files its monthly operating reports with the bankruptcy court and furnishes the monthly operating reports to the SEC under cover of Form 8-K. WMI also files Form 8-K reports to report material developments concerning WMI and the bankruptcy. WMI further admits that during the pendency of the bankruptcy, WMI has not prepared audited financial statements, and has not retained an auditor. WMI denies any and all other allegations in paragraph 2.

3. Paragraph 3 contains a legal conclusion to which no response is required. To the extent that Plaintiffs allege that WMI has not held an annual shareholders meeting since

ANSWER TO FIRST AMENDED
COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING – 2
53000-0005/LEGAL18177864.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2008, when the current board of directors was elected by WMI's shareholders, WMI admits that allegation.

4. WMI admits that Plaintiffs purportedly seek an order pursuant to RCW 23B.070.030(1)(a) to compel WMI to convene an annual shareholders' meeting. WMI denies any and all other allegations of paragraph 4.

## II. PARTIES

5. WMI lacks sufficient information to either admit or deny the allegations in paragraph 5 and therefore denies those allegations.

6. WMI lacks sufficient information to either admit or deny the allegations in paragraph 6 and therefore denies those allegations.

7. WMI lacks sufficient information to either admit or deny the allegations in paragraph 7 and therefore denies those allegations.

8. WMI lacks sufficient information to either admit or deny the allegations in paragraph 8 and therefore denies those allegations.

9. WMI lacks sufficient information to either admit or deny the allegations in paragraph 9 and therefore denies those allegations.

10. WMI lacks sufficient information to either admit or deny the allegations in paragraph 10 and therefore denies those allegations.

11. WMI lacks sufficient information to either admit or deny the allegations in paragraph 11 and therefore denies those allegations.

12. WMI lacks sufficient information to either admit or deny the allegations in paragraph 12 and therefore denies those allegations.

13. WMI lacks sufficient information to either admit or deny the allegations in paragraph 13 and therefore denies those allegations.

ANSWER TO FIRST AMENDED
COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING – 3
53000-0005/LEGAL18177864.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

14. WMI admits the allegations in paragraph 14.

15. WMI admits the allegations in paragraph 15.

16. WMI admits the allegations in paragraph 16.

17. WMI admits the allegations in paragraph 17.

18. WMI admits the allegations in paragraph 18.

19. WMI admits that until September 25, 2008, it was a savings bank holding company that owned Washington Mutual Bank ("the Bank") and, indirectly, the Bank's subsidiaries, including Washington Mutual Bank fsb ("FSB"). WMI further admits that, at one time, the Bank was the largest savings and loan association in the United States of America. WMI denies any and all other allegations in paragraph 19.

20. WMI admits that on September 25, 2008, the Office of Thrift Supervision closed the Bank and appointed the Federal Deposit Insurance Corporation as Receiver for the assets of the Bank.

21. WMI lacks sufficient information to admit or deny the allegations in paragraph 21 and therefore denies those allegations. WMI further states that the Purchase and Assumption Agreement, Whole Bank, dated September 25, 2008, speaks for itself.

22. WMI denies the allegations in paragraph 22.

23. WMI admits the allegations in paragraph 23.

24. WMI denies the allegations in paragraph 24 and states that Judge Walrath's order speaks for itself.

### III. VENUE AND JURISDICTION

25. WMI admits that the Thurston County Superior Court had jurisdiction over this matter pursuant to RCW 23B.07.030 and Washington law. WMI removed this action pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), Rule 9027 of the Federal Rules of

ANSWER TO FIRST AMENDED
COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING – 4
53000-0005/LEGAL18177864.2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Bankruptcy Procedure, Rule 101(e) of the Local Civil Rules of the U.S. District Court for the Western District of Washington, and Local Bankruptcy Rule 9027-1 of the U.S. Bankruptcy Court for the Western District of Washington. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), which gives district courts jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

26. WMI admits the allegations in paragraph 26.

27. WMI admits that venue for the state court action was proper in Thurston County. Venue for the removed action is similarly proper in this Court pursuant to 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027.

### IV. CAUSE OF ACTION

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent that paragraph 28 contains factual allegations to which a response is required, WMI denies those allegations.

29. WMI lacks sufficient information to either admit or deny the allegations in paragraph 29 and therefore denies those allegations.

30. WMI admits the allegations in paragraph 30.

31. WMI admits the allegations in paragraph 31.

32. WMI admits the allegations in paragraph 32.

33. WMI admits that it held a special shareholders meeting on June 24, 2008, but denies that raising capital was the purpose of the special shareholders' meeting.

34. WMI admits the allegations in paragraph 34.

35. WMI admits the allegations in paragraph 35.

36. Paragraph 36 contains legal conclusions to which no response is required.

37. WMI admits the allegations in paragraph 37.

ANSWER TO FIRST AMENDED
COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING – 5
53000-0005/LEGAL18177864.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

38. WMI admits the allegations in paragraph 38.

39. WMI admits the allegations in paragraph 39.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent that paragraph 40 contains factual allegations requiring a response, WMI denies those allegations.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any of Plaintiffs' allegations or assuming the burden of an element of a cause of action or defense that would normally fall upon Plaintiffs, WMI asserts the following defenses and affirmative defenses:

A. The FAC fails to state a claim upon which relief can be granted.

B. Plaintiffs lack standing to bring this action pursuant to RCW 23B.070.030 because they are not "shareholders" as defined in RCW 23B.01.400.

C. Any and all actions taken by WMI that are relevant to the allegations contained in the FAC were taken in good faith and in the best interests of WMI's creditors and shareholders.

D. Plaintiffs do not have a proper purpose in seeking an order to compel an annual shareholders' meeting, and Plaintiffs' attempt to force WMI to hold an annual shareholders' meeting constitutes clear abuse.

E. Plaintiffs have unclean hands and are not entitled to the relief they seek.

F. Plaintiffs' requested relief is barred by impracticability, impossibility and the corporate waste doctrine.

G. WMI is insolvent and Plaintiffs are, therefore, not real parties in interest.

H. The relief that Plaintiffs seek would interfere with the administration of WMI's chapter 11 case and WMI's estate.

ANSWER TO FIRST AMENDED
COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING – 6

53000-0005/LEGAL18177864.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

I. Compelling WMI to convene an annual meeting pursuant to Plaintiffs' request and proposed order would place WMI in violation of state and federal law and WMI's by-laws.

J. Plaintiffs' claim is barred by the doctrine of laches, estoppel, and waiver.

**WHEREFORE,** WMI respectfully requests judgment:

a) Dismissing Plaintiffs' First Amended Complaint with prejudice;

b) Awarding WMI the costs of defending this action, including reasonable attorneys' fees; and

c) Granting such other relief as this Court may deem just and proper.

DATED: May 19, 2010.

**PERKINS COIE LLP**

By:/s/ *John S. Kaplan*
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
John S. Kaplan, WSBA No. 23788
JKaplan@perkinscoie.com
David J. Burman, WSBA No. 10611
DBurman@perkinscoie.com
Penny Fields, WSBA No. 36024
PFields@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Attorneys for Washington Mutual, Inc.

ANSWER TO FIRST AMENDED
COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING – 7
53000-0005/LEGAL18177864.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000