The Honorable Paul B. Snyder
Chapter 11
Hearing Date: Friday, June 11, 2010
Hearing Time: 10:30 a.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC.,<br><br>　　　　　　Debtor. | Case No. 08-12229-MFW<br>District of Delaware<br><br>Chapter 11 |
| ESOPUS CREEK VALUE LP and<br>MICHAEL WILLINGHAM<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>WASHINGTON MUTUAL, INC.,<br><br>　　　　　　Defendant. | Adversary No. 10-04136<br><br>**WASHINGTON MUTUAL, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND OR, IN THE ALTERNATIVE, TRANSFER FOR HEARING ON REMAND** |

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW)
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................... 1

BACKGROUND ............................................................................................................................. 4

ARGUMENT ................................................................................................................................... 4

    I.    PLAINTIFFS HAVE NOT (AND CANNOT) SATISFY THE
REQUIREMENTS FOR EQUITABLE REMAND UNDER § 1452(b) ............... 4

    II.    THE MOTION CANNOT PROPERLY BE TRANSFERRED TO THE
DELAWARE BANKRUPTCY COURT ......................................................... 8

CONCLUSION .............................................................................................................................. 10

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – i
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

## CASES

*AG Indus., Inc. v. AK Steel Corp. (In re AG Indus., Inc.)*, 279 B.R. 534 (Bankr. S.D. Ohio 2002) ................................................................................................................. 9

*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) ....................................................... 2, 6

*Frelin v. Oakwood Homes Corp.*, 292 B.R. 369 (Bankr. E.D. Ark. 2003) ..................... 9

*In re Wa. Mut., Inc. Sec. Litig.*, 2009 U.S. Dist. LEXIS 107986 (W.D. Wash. Nov. 2, 2009) ............................................................................................ 7

*Lone Star Indus., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269 (Bankr. D. Del. 1991) .......... 10

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ............................................... 10

*Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807 (B.A.P. 9th Cir. 2009) ..... 5

*Schulman v. Cal. (In re Lazar)*, 237 F.3d 967, 981 (9th Cir. 2001) ............................... 8

*SenoRx, Inc. v. Coudert Bros., LLP*, 2007 U.S. Dist. LEXIS 40923 (N.D. Cal. May 24, 2007) ............................................................................................ 7, 8

## STATUTES

28 U.S.C. § 1332 ............................................................................................................. 7

28 U.S.C. § 1334 ............................................................................................... 2, 7, 8, 10

28 U.S.C. § 1452 ..................................................................................................... passim

28 U.S.C. § 157 ........................................................................................................... 2, 7

RCW 23B.07.030 ............................................................................................................ 2

## OTHER AUTHORITIES

Black's Law Dictionary 242 (8th ed. 2004) ................................................................... 6

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – ii
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Defendant Washington Mutual, Inc. ("WMI") submits this memorandum of law in opposition to plaintiffs Esopus Creek Value LP ("Esopus") and Michael Willingham's (collectively, "Plaintiffs") Motion to Remand or in the Alternative, Transfer for Hearing on Remand (the "Motion").

**PRELIMINARY STATEMENT**

As part of its continuing campaign to "torpedo" debtors WMI and WMI Investment Corp.'s (collectively, "Debtors") proposed joint plan of reorganization (the "Plan"), on March 3, 2010, the Official Committee of WMI's Equity Security Holders (the "Equity Committee") filed an adversary proceeding (the "Adversary Proceeding") in the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") against WMI. In the Adversary Proceeding, the Equity Committee seeks to compel WMI to immediately convene and hold an annual meeting of shareholders for the nomination and election of WMI's board of directors. The Equity Committee supports the election of members of WMI's board of directors who will oppose the Plan and the proposed global settlement (the "Settlement") of Debtors' multi-billion dollar litigation claims against certain third-parties (and their claims against Debtors). The Settlement—which was signed and submitted for the approval of the Delaware Bankruptcy Court on May 21, 2010—serves as the centerpiece of the Plan and the primary source of recovery for Debtors' creditors. Thus, if the Settlement were rejected, the Plan would be scuttled and Debtors would have to begin again—after almost 2 years in chapter 11.

In an attempt to double their chances of blocking the Plan and Settlement, 54 days later, Mr. Willingham, a member of the Equity Committee who allegedly acquired beneficial ownership of WMI shares post-bankruptcy, and Esopus, another putative beneficial owner of WMI shares and an affiliate of a member of the Equity Committee, filed the instant action in the Superior Court of the State of Washington for the County of Thurston, seeking the same relief under the same Washington statute against the same defendant as the Equity Committee seeks in the Adversary Proceeding. Plaintiffs erroneously state that Judge Walrath, before whom WMI's

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – 1
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

chapter 11 case has been pending since September 2008, "paved the way" for this case. (Mot. Remand 5.) In fact, although Judge Walrath found the automatic stay inapplicable to this action as a matter of law, Her Honor did *not* consider whether—much less rule that—Plaintiffs' claim had merit or that this Court (or any state court) is the appropriate forum for the claim. (*See* Order (Apr. 26, 2010), attached as Ex. A to the Declaration of William C. Rava in Support of Washington Mutual, Inc.'s Opposition to Plaintiffs' Motion to Remand or, in the Alternative, Transfer for Hearing on Remand ("Rava Opp. Decl.").)

On May 13, 2010—well *before* the May 27, 2010 deadline for doing so—WMI removed this case to the U.S. District Court for the Western District of Washington (for referral to this Court) under 28 U.S.C. §§ 1452(a) and § 1334(b) and, to further avoid any procedural delay, the next day, moved to transfer, stay, or dismiss the case in favor of the first-filed Adversary Proceeding. In support, WMI argued (among other things) that because the outcome of this case could derail Debtors' chapter 11 cases, it should be heard in the Delaware Bankruptcy Court. (*See* Dkt. # 11.)

Plaintiffs now move for equitable remand under 28 U.S.C. § 1452(b) or, in the alternative, for an order transferring their motion (as opposed to this case as a whole) to the Delaware Bankruptcy Court. Although Plaintiffs assert that no Court has "ever permitted a matter filed under" RCW 23B.07.030 "to be taken away from the appropriate superior court," they ignore that §§ 1452(a) and 1334(b) expressly authorize the removal of bankruptcy-related claims originally filed in state court under state law. (Mot. Remand 6.) Indeed, in enacting § 1452(b), Congress's express purpose was to "'to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate. . . .'" *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (quotation omitted). Significantly, Plaintiffs "do not contest that" this action is "'related to' WaMu's chapter 11 case or constitute[s] a 'core' proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A)," nor do they "contest that under 28 U.S.C. § 1334(b) this Court has original

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – 2
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

jurisdiction over the claim asserted in this action." (Pls.' Stat. Pursuant to Fed. R. Bankr. P. 9027(e)(3) ¶ 4 (Dkt. # 22).)

WMI submits that the Motion should be denied in its entirety. *First*, because this case could derail Debtors' chapter 11 cases, it is illogical for it to be heard outside the Delaware Bankruptcy Court—which is best suited to adjudicate Plaintiffs' claim; this fact alone warrants denial of the Motion. Further, if this case were remanded, it would be prosecuted simultaneously with the Adversary Proceeding; the resulting waste of judicial and WMI estate resources also supports the retention of federal jurisdiction over this case. Considerations of comity likewise support denial of the Motion: allowing the instant action to proceed concurrently with the mirror-image Adversary Proceeding could lead to conflicting judgments—an outcome that will only further and unnecessarily complicate matters.

In contrast, denying the Motion would not require the Delaware Bankruptcy Court to address novel or complex issues of state law (Washington law in this area is neither novel nor complex, and, in any event, the Delaware Bankruptcy Court has ample experience applying other states' laws); prejudice Plaintiffs or any other non-debtor parties (the Equity Committee previously brought an identical action in the Delaware Bankruptcy Court, and there are no other non-debtor parties); or impose an additional burden on the Delaware Bankruptcy Court (which is already presiding over an identical case). Hence, taken together, the equitable remand factors weigh heavily against sending this case back to state court. (*See*, *infra*, Point I.)

*Second*, Plaintiffs agree, in the alternative, to the transfer of the Motion (though not this case as a whole) to the Delaware Bankruptcy Court. Putting aside the fact that (as far as WMI is aware) no case from this District or the U.S. Court of Appeals for the Ninth Circuit endorses a federal court's transferring a case *before* deciding a pending remand motion, § 1452(b) expressly authorizes only the court to which the action was removed to decide an equitable remand motion.

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – 3
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Last, Plaintiffs' proposed procedure would result in undue delay and be highly inefficient. (*See*, *infra*, Point II.)[1]

For all these reasons and those set out below, the Motion should be denied in its entirety.

# BACKGROUND

The background relevant to this Opposition is found on pages 3-7 of WMI's Motion to Transfer, Stay, or Dismiss. (Dkt. # 11.) Additional background regarding the Plan and Settlement is found on pages 7-9 of Debtors' Amended Disclosure Statement, filed with the Delaware Bankruptcy Court on May 21, 2010. (*See* Am. Disclosure Statement, Rava Opp. Decl., Ex. B.)

# ARGUMENT[2]

## I. PLAINTIFFS HAVE NOT (AND CANNOT) SATISFY THE REQUIREMENTS FOR EQUITABLE REMAND UNDER § 1452(b)

Plaintiffs have not (and cannot) satisfy the requirements for equitable remand under § 1452(b). In deciding whether to grant equitable remand under § 1452(b), courts may consider "up to" 14 factors:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court

---

[1] For these reasons, among others, WMI did not agree to Plaintiffs' proposal that the parties agree to the transfer of this case to the Delaware Bankruptcy Court without prejudice to Plaintiffs' purported right to seek remand in that court—something that Plaintiffs would not be permitted to do. Hence, Plaintiffs' suggestion that WMI refused to consent to the proposed stipulation to engender procedural delay is incorrect. (*See* Mot. Remand 4.)

[2] Unless otherwise indicated, documents filed in the Delaware Bankruptcy Court referred to herein are attached to the Declaration of William C. Rava in Support of WMI's Motion to Transfer, Stay, or Dismiss. (Dkt. # 13.)

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – 4
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

> involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Nilsen v. Neilson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 821 n.18 (B.A.P. 9th Cir. 2009). In addition, courts have held that whether a proceeding is "core is a significant factor weighing in favor of adjudicating the dispute in the bankruptcy court." *Id.*

Here, factors 1, 6-7, and 13 weigh against remand, and the remaining factors (2-3, 4-5, 8-12, and 14) are neutral.

Factors 1 and 6:  Effect on Efficient Administration of the Estate and Degree of Relatedness/Remoteness of Proceeding to Main Bankruptcy Case.  These 2 factors militate against remand.  The outcome of this case could significantly impact the administration of Debtors' estates:  if WMI were ordered to immediately convene and hold an annual meeting of shareholders for the nomination and election of its board of directors, the expense to its estate would be considerable, totaling in the millions of dollars.[3]  As a result, distributions to WMI's creditors, who have gone 20 months without payment, would be adversely affected.  And, if this case were returned to state court, it would be prosecuted simultaneously with an identical proceeding already pending in the Delaware Bankruptcy Court (the Adversary Proceeding); the resulting waste of judicial and WMI estate resources also militates against remand.  Most important, if Plaintiffs succeed in causing the appointment of directors who will reject the Plan (and, instead, back a "swing for the fences" litigation strategy against (among others) JPMorgan Chase, N.A. and the Federal Deposit Insurance Corp.), Debtors' chapter 11 cases likely will be jeopardized.  For these reasons, maintaining bankruptcy court jurisdiction over this case is

---

[3] At the least, WMI would incur the following costs if it were required to hold an annual meeting of shareholders: (a) prepare an annual report, including obtaining audited financial statements; (b) prepare the proxy statement; (c) pay legal costs associated with seeking exemptive relief from the U.S. Securities and Exchange Commission and preparation of the proxy statement and accompanying annual report to shareholders in compliance with SEC requirements; (d) preparing proxy materials for SEC filing, including typesetting and alterations; (e) file, print, process, mail and otherwise disseminate proxy materials; (f) solicit proxies; and (g) rent a venue large enough to accommodate shareholders.

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW)  – 5
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

consistent with both the equitable remand factors and the purpose of § 1452(b): "'to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate. . . .'" *Celotex*, 514 U.S. at 308 (quotation omitted).

Factor 7:  Substance Rather Than Form of an Asserted Core Proceeding.  Plaintiffs' claim—which even Plaintiffs do not dispute is "core" in nature—could impact the administration of Debtors' chapter 11 cases and fundamentally alter the relationship between Debtors and their stakeholders.  Specifically, the stated purpose of the Adversary Proceeding and this action is to cause a re-distribution of Debtors' resources for the sole benefit of the Debtors' most junior stakeholders—Debtors' shareholders; hence, regardless of whether it is pled as a state law cause of action, the substance, and likely impact, of Plaintiffs' claim strongly supports retaining bankruptcy court jurisdiction over this action.

Factor 13:  Comity.  This consideration likewise counts against remand.  Judicial comity is defined as the "recognition and respect that a court of one state or jurisdiction shows to another state or jurisdiction in giving effect to the other's laws and political decisions." Black's Law Dictionary 242 (8th ed. 2004).  If this case were remanded, it could not be consolidated with the Adversary Proceeding.  Requiring WMI to simultaneously litigate the same 2 cases in 2 different fora (commenced by or on behalf of the same parties) could result in conflicting judgments; such an outcome is, of course, inconsistent with the principles of comity.

Factors 2 and 3:  Extent to Which Issues of State Law Predominate and Difficulty of Applicable State Law.  These 2 factors are neutral.  Although Plaintiffs' claim is pled under state law, its adjudication will require analysis of WMI's reorganization:  as set out in WMI's opposition to the Equity Committee's motion for summary judgment in the Adversary Proceeding, whether Plaintiffs are entitled to the relief that they seek depends on the resolution of factual and legal issues related to the Equity Committee, Plaintiffs, WMI, and its chapter 11 case.  (*See* WMI Opp. Summ. J. Mot. 8-22.)  Given its familiarity with both WMI's chapter 11

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – 6
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

case and the Adversary Proceeding, the Delaware Bankruptcy Court is best suited to adjudicate Plaintiffs' claim. Additionally, Plaintiffs apparently concede that the applicable law is not complex. (*See* Mot. Remand 7 ("This case involves a simple action arising out of a Washington statute. . . .").) *See In re Wa. Mut., Inc. Sec. Litig.*, 2009 U.S. Dist. LEXIS 107986, at *18 (W.D. Wash. Nov. 2, 2009) (applicability of state law did not require equitable remand: "while Plaintiffs' claims are based on state law, they are not unusual or complex" (citation omitted)). Regardless, there is no reason that the Delaware Bankruptcy Court cannot correctly apply Washington law. *See SenoRx, Inc. v. Coudert Bros., LLP*, 2007 U.S. Dist. LEXIS 40923, at *8 (N.D. Cal. May 24, 2007) ("Despite the presence of state law claims and the need to interpret a state statute, bankruptcy courts are capable of resolving issues of state law, as the court will be able to do in this case." (citation omitted)).

Factor 4: Presence of Related Proceeding Commenced in State Court or Other Non-bankruptcy Proceeding. This factor is also neutral. Indeed, because the Washington state case was removed, there is no longer a related proceeding in state court (or related non-bankruptcy proceeding); instead, the only related proceeding is the Adversary Proceeding—the pendency of which, of course, counsels against remand.

Factors 5 and 6: Jurisdictional Basis, If Any, Other Than § 1334. Although WMI removed this case under §§ 1452(a) and 1334(b), Plaintiffs do not allege that this action could *not* have been brought in federal district court under federal diversity jurisdiction, and as Plaintiffs admit, because this is a "core" proceeding, it can and should be adjudicated in bankruptcy court. *See* 28 U.S.C. §§ 1332, 157(b)(1).

Factor 8: Feasibility of Severing State Law Claims from Core Bankruptcy Matters to Allow Judgments to Be Entered in State Court with Enforcement Left to Bankruptcy Court. This factor does not apply to this action: there is no severable state law claim; rather, the state law claim is itself a core bankruptcy claim.

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – 7
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Factors 9 and 10: Burden on Bankruptcy Court Docket and Likelihood That Commencement of Proceeding in Bankruptcy Court Involves Forum Shopping by One of the Parties. The Equity Committee has already filed an identical claim against WMI in the Delaware Bankruptcy Court (the Adversary Proceeding), and, as a result, denying the Motion and transferring this case will not increase the Delaware Bankruptcy Court's burdens. Moreover, WMI's attempt to have this case returned to the court in which Plaintiffs' representatives (the Equity Committee) originally filed it cannot constitute forum shopping. If anything, WMI's motion to transfer is the remedy to (Plaintiffs') forum shopping.

Factor 11: Right to a Jury Trial. Because Plaintiffs have not sought a jury trial, this factor is irrelevant here.

Factors 12 and 14: Presence in the Proceeding of Nondebtor Parties and Possibility of Prejudice to Other Parties in the Action. Other than Plaintiffs, there are no non-debtor parties to this action; and even if the Motion were denied, Plaintiffs would not be prejudiced (nor do they claim that they would): as the Equity Committee previously filed an identical case in the Delaware Bankruptcy Court, even if the instant action were to remain in federal court, Plaintiffs would still be able to litigate their claim in the forum of their (first) choice (the Delaware Bankruptcy Court). Conversely, if the Motion were granted, Debtors and their creditors would be considerably prejudiced. (*See, supra, e.g.*, Discussion of Factors 1 and 6.)[4]

## II. THE MOTION CANNOT PROPERLY BE TRANSFERRED TO THE DELAWARE BANKRUPTCY COURT

Plaintiffs agree, in the alternative, to the transfer of the Motion (though not the case as a whole) to the Delaware Bankruptcy Court. Setting aside the fact that (as far as WMI is aware) no case from this District or the U.S. Court of Appeals for the Ninth Circuit has endorsed a

---

[4] Plaintiffs do not move to abstain under 28 U.S.C. § 1334(c)(1) and (2); nor could they: the Washington state action has already been removed. *See Schulman v. Cal. (In re Lazar)*, 237 F.3d 967, 981-82 (9th Cir. 2001) ("because there is no pending state proceeding, §§ 1334(c)(1) and 1334(c)(2) are simply inapplicable to this case") *cited in SenoRx*, 2007 U.S. Dist. LEXIS 40923, at *5-6 ("In the Ninth Circuit, abstention is unavailable if there is no pending state court proceeding.").

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – 8
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

federal court's transferring a case *before* deciding a pending remand motion, § 1452(b), the very statute upon which Plaintiffs move, plainly states that only the court to which the action was removed is authorized to decide an equitable remand motion. *See* 28 U.S.C. § 1452(b) ("*The court to which such claim or cause of action is removed* may remand such claim or cause of action on any equitable ground." (emphasis added)); *see Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 380 (Bankr. E.D. Ark. 2003) ("§ 1452 provides for removal to the district in which the removed civil action was pending *rather than the district in which the bankruptcy case was filed*, and provides that the court to which the civil action is removed may remand such cause of action on any equitable ground." (emphasis added)); *AG Indus., Inc. v. AK Steel Corp. (In re AG Indus., Inc.)*, 279 B.R. 534, 540 (Bankr. S.D. Ohio 2002) (same).

Here, given that this action was removed to the U.S. District Court for the Western District of Washington (for referral to this Court), under § 1452(b), only this Court is authorized to decide the Motion. Moreover, by commencing 2 identical actions across the United States, Plaintiffs and their representatives on the Equity Committee have already wasted judicial and party resources. By seeking what is effectively a "conditional" venue transfer, they risk the further waste of judicial and party resources. Indeed, it would be highly inefficient to send this case approximately 3,000 miles across the U.S. only to have Judge Walrath decide what is a threshold procedural issue; it would be much more efficient for this Court to decide the both the remand and transfer issues. Specifically, if this Court were to deny the Motion, but grant WMI's motion to transfer, this case would travel across the country a maximum of one time (from this Court to the Delaware Bankruptcy Court); in contrast, should this Court transfer this Motion to Judge Walrath and then Her Honor deny remand, it will travel across the country *twice* (from this Court to the Delaware Bankruptcy Court and then back from the Delaware Bankruptcy Court to Washington Superior Court)—with all the attendant delays. So "as a logical and practical matter, th[is] [C]ourt should determine whether any bankruptcy court should hear a proceeding

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – 9
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

before it determines which bankruptcy court should hear it." *Lone Star Indus., Inc. v. Liberty Mut. Ins.*, 131 B.R. 269, 273 (Bankr. D. Del. 1991).[5]

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Remand or in the Alternative, Transfer for Hearing on Remand should be denied in its entirety.

DATED: June 4, 2010.

**PERKINS COIE LLP**

By:/s/ *John S. Kaplan*
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
John S. Kaplan, WSBA No. 23788
JKaplan@perkinscoie.com
David J. Burman, WSBA No. 10611
DBurman@perkinscoie.com
Penny Fields, WSBA No. 36024
PFields@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Attorneys for Washington Mutual, Inc.

---

[5] Plaintiffs' request for legal fees and costs likewise should be denied. A court may only award fees where a removal "lacked an objectively reasonable basis." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiffs have not alleged that this Court lacks jurisdiction under § 1334 or that removal under § 1452(b) was technically improper, and, as set out above, equitable remand is not warranted here. As a result, an award of legal fees or costs would be improper in this case.

WASHINGTON MUTUAL, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, TRANSFER FOR HEARING ON
REMAND (NO. 08-12229-MFW) – 10
53000-0005/LEGAL18427308.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000