Judge: Paul B. Snyder
Chapter 11
Hearing Date: Friday, June 11, 2010
Hearing Time: 10:30 A.M.
Response Date: Friday, June 4, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA

In Re

WASHINGTON MUTUAL, INC.,

Debtor.

MICHAEL WILLINGHAM and ESOPUS CREEK VALUE LP,

Plaintiffs,

vs.

WASHINGTON MUTUAL, INC., a Washington corporation,

Defendant.

Case No. 08-12229-MFW
District of Delaware
Chapter 11

Adversary No. 10-04136

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND, OR IN THE ALTERNATIVE TRANSFER FOR HEARING ON REMAND**

## I. INTRODUCTION

This Court should give deference to the April 26, 2010, order issued by the Honorable Mary F. Walrath and permit this case to proceed in the state courts of the State of Washington. Judge Walrath has already decided that the bankruptcy does not preclude shareholders from filing this case in state court. This case should be remanded to Thurston County Superior Court. Any other result would contradict and offend principles of comity because it would be fundamentally inconsistent with Judge Walrath's standing order on the inapplicability of the bankruptcy stay.

If this Court decides not to follow the spirit of Judge Walrath's order, then it should transfer this matter back to Judge Walrath so that she can rule on whether to remand.

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO REMAND, OR IN THE ALTERNATIVE
TRANSFER FOR HEARING ON REMAND - 1
PDX/121991/175276/CJF/6076127.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711

Contrary to Defendant's argument, it is perfectly appropriate for this court to transfer to the original bankruptcy court for a determination on remand.

## II. REBUTTAL ARGUMENT AND AUTHORITY

Plaintiffs respectfully respond seriatim to points raised in Defendant's opposition, setting aside the vapid, inaccurate, and misplaced rhetoric regarding torpedoes, swinging, and fences. In the interest of brevity, Plaintiffs incorporate by reference the arguments and authorities set forth in Plaintiffs' memorandum opposing Defendant's motion to transfer, stay, or dismiss.

### A. This Court should follow the letter and spirit of Judge Walrath's order, and remand to Thurston County Superior Court.

Judge Walrath already decided that the automatic bankruptcy stay does not and should not apply to preclude shareholders from pursuing their statutory remedy in the state courts of the State of Washington. This Court should not permit WaMu to make an improper end run around that order.

It would be a waste of time and resources to transfer this matter to Judge Walrath, because she has already ruled that shareholders may pursue this matter in the state courts of the State of Washington. If Judge Walrath had wanted the shareholders case to be brought before her, it is reasonable to conclude that she would have said so. Moreover, transfer would be inequitable because it would double WaMu's chances of continuing to delay and avoid the merits of this case, giving WaMu a second chance to argue the same issues that it lost on the Equity Committee's motion regarding the inapplicability of the bankruptcy stay.

There is no reason to second-guess Judge Walrath's ruling. WaMu should not be permitted to relitigate the issue of whether this matter should be stayed or permitted to proceed in the state courts of the State of Washington. Remand is appropriate and warranted.

### B. If this Court decides not to remand, it should transfer this matter to Judge Walrath's court without deciding remand.

This Court has the authority and discretion to transfer this case to the Delaware

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO REMAND, OR IN THE ALTERNATIVE
TRANSFER FOR HEARING ON REMAND - 2
PDX/121991/175276/CJF/6076127.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711

Bankruptcy Court without deciding the issues of remand or dismissal. There are numerous cases in which a court decided that the "home" bankruptcy court—the court where the bankruptcy is pending—was the appropriate court to determine issues of remand or dismissal.[1] Although Defendant contends that this Court is the only court to decide the issue of remand,[2] it is entirely within this Court's discretion to transfer the case to the "home" bankruptcy court—Judge Walrath's court—for that court to determine the issues of remand.

One court has stated, for example, as follows:

> where a bankruptcy court is simultaneously confronted with (1) a Motion, pursuant to 28 U.S.C. § 1412, to transfer or change the venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a); and (2) a Motion to remand or otherwise abstain from hearing the change of venue action, pursuant to 28 U.S.C. § 1334(c), the action should be transferred to the "home" court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action.[3]

The underlying theory is that the bankruptcy court acts as a conduit, rather than determining where the removed case should be heard.[4] It is entirely proper for this Court to transfer the

---

[1] *Thomas v. Lorch (In re Weldo, Inc.)*, 212 B.R. 678 (Bankr. M.D. Ala. 1996); *Weniger v. Intermet Realty Partnership (In re Convent Guardian Corp.)*, 75 B.R. 346 (Bankr. E.D. Pa. 1987); *Seely v. Doe*, 2009 U.S. Dist. LEXIS 35250 (E.D. Wash. 2009).

[2] Defendant cites to *Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 380 (Bankr. E.D. Ark. 2003), for the proposition that this Court must decide the issue of remand before transferring the case to the Delaware Bankruptcy Court, but the *Frelin* court merely reasoned that it had jurisdiction to hear the issue of remand—ultimately deciding that the case should be remanded to state court—and did not have to automatically transfer the case to the "home" bankruptcy court for its determination. *See also AG Indus., Inc. v. AK Steel Corp. (In re AG Indus., Inc.)*, 279 B.R. 534, 540 (Bankr. S.D. Ohio 2002) (stating that "[u]nder 28 U.S.C. § 1412, the transfer of a case from a local bankruptcy court to a home bankruptcy court is discretionary rather than mandatory or automatic.").

[3] *In re Convent Guardian Corp.*, 75 B.R. at 347. *See also Nelson v. First Lenders Indem. Co.*, 1998 U.S. Dist. LEXIS 10794, at *5 (N.D. Miss. 1998) (deciding to transfer the case to the court where the bankruptcy was pending and then have that court decide motions to remand and dismiss); *see also In re Wedlo, Inc.*, 212 B.R. at 679 (determining that the court where the bankruptcy was pending would be the best court to decide the plaintiff's motion to remand, abstain, or dismiss, and transferring without deciding the remand issue).

[4] *Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 379 (Bankr. E.D. Ark. 20030. *See also Parke v. Cardsystems Solutions, Inc.*, 2006 U.S. Dist. LEXIS 77241, at *6 (Bankr. N.D. Cal. 2006).

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND, OR IN THE ALTERNATIVE TRANSFER FOR HEARING ON REMAND - 3

PDX/121991/175276/CJF/6076127.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711

entire matter and abstain from ruling on the motion for remand. Some courts have advised that transfer to the "home" bankruptcy court is appropriate and the "home" bankruptcy court is "best positioned to make ... the decision regarding remand."[5]

For example, in *Cornerstone Dental*, the court reasoned as follows that "the interests of justice are best served by transferring this proceeding, including the unresolved motion to remand, to the [home bankruptcy court] .... this Court believes the ultimate resolution of the motion to remand should be with that court, as the court handling the bankruptcy case."[6] It also reasoned that "that court may wish to revisit the 'related to' jurisdiction issue as well as Plaintiffs' equitable arguments in support of remand, and this Court's findings are not intended to preclude such analysis."[7] It noted that if the home bankruptcy court were to determine that remand is proper, it would "of course accept the returned transfer from that court and remand the proceedings to the state court."[8]

If this Court decides not to remand to Thurston County, then it should transfer the case to Judge Walrath and preserve the remand issue for her ruling. Therefore, Plaintiffs consent to a transfer to Judge Walrath, provided that the remand issue is preserved for her ruling.

### C. WaMu's remaining sundry arguments are inaccurate.

Plaintiffs rely and stand on their briefing of the factors regarding equitable remand. Several of WaMu's statements are inaccurate or disingenuous, and they are addressed separately below.

#### 1. Other jurisdictional basis

There is no other jurisdictional basis for removal other than this matter's relation to

---

[5] *Cornerstone Dental, PLLC v. Smart Dental Care, LLC*, 2008 Bankr. LEXIS 1122, at *5, 49 Bankr. Ct. Dec. 253 (Bankr. D. Idaho 2008).
[6] *Id.* at *8–9.
[7] *Id.* (citing *Allegheny Health*, 233 B.R. 671, 1999 WL 1033566, at *2 (W.D. Penn. 1999)).
[8] *Id.* (citation omitted).

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND, OR IN THE ALTERNATIVE TRANSFER FOR HEARING ON REMAND - 4
PDX/121991/175276/CJF/6076127.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711

the bankruptcy case. WaMu states that "Plaintiffs do not allege that this action could not have been brought in federal district court under federal diversity jurisdiction[.]" This bizarre statement is disingenuous at best.

This matter does not involve diversity jurisdiction. If it did, Defendant would surely have used that as an alternate basis for removal. Diversity jurisdiction requires a threshold amount in controversy.[9] Although the parties are diverse, there is no amount in controversy. It cannot be said that the requirements for diversity jurisdiction would ever be met as this case has been pled.

### 2. Comity

WaMu's goal of placing this matter back in federal court offends the principles of judicial comity because it completely disregards the substance and spirit of Judge Walrath's prior ruling. Moreover, it ignores the express law of Washington, namely, that a motion to compel a shareholder meeting is to be decided by the superior court in the county where the company has its registered office.

The tactic of removing this matter and attempting to transfer, stay, or dismiss it offends every aspect of judicial comity, as well as Judge Walrath's prior rulings. WaMu's arguments regarding judicial economy are not well taken. WaMu already had the chance to argue, and did argue, that the bankruptcy stay should apply so as to prevent this matter from going forward.[10] WaMu already lost that argument. Remand is warranted.

### 3. Relation to issues in the bankruptcy matter

A court's decision to compel a shareholders' meeting does not require analysis of WaMu's reorganization. If it did, no shareholder meeting could ever be conducted while bankruptcy proceedings were in progress, because the reorganization would, in theory, have

---

[9] See 28 U.S.C. § 1332(a).

[10] See Supplemental Declaration of Colin Folawn in Support of Motion to Remand, or in the Alternative Transfer for Hearing on Remand, Ex. A.

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND, OR IN THE ALTERNATIVE TRANSFER FOR HEARING ON REMAND - 5

PDX/121991/175276/CJF/6076127.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711

to be complete for that analysis to have any meaning.

State law predominates. But if a motion to compel were delayed until the reorganization was confirmed, the shareholders would be denied the very rights that Washington's statute was designed to protect. Shareholders would be prevented from electing the very directors who should make the determination about how the reorganization should proceed. WaMu's argument lacks logic, merit, and legal support. Moreover, Judge Walrath has already ruled that the bankruptcy proceedings do not preclude shareholders from pursuing this remedy.

### III. CONCLUSION

This Court should follow the principles of comity and respect Judge Walrath's prior ruling. This matter should be remanded to Thurston County Superior Court, where it belongs. This case involves a state statute to compel a shareholders' meeting under the Washington Business Corporation Act, not adjudication of bankruptcy issues. This action arises out of a single Washington statute, and Washington law predominates. Remand will not affect on the efficient administration of the estate.

There is no need to burden the bankruptcy court's docket with this matter. No prejudice will result from permitting the Thurston County Superior Court to hear this case. This is a simple case involving corporate governance under Washington law. It does not belong in an adversary proceeding in bankruptcy court. But if this Court prefers, Plaintiffs consent to the expedient transfer of this matter to Judge Walrath in Delaware, provided that the issue of whether to remand remains preserved for her ruling.

/ / /

/ / /

/ / /

/ / /

/ / /

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND, OR IN THE ALTERNATIVE TRANSFER FOR HEARING ON REMAND - 6

PDX/121991/175276/CJF/6076127.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711

1 Dated this 8th day of June, 2010.

2   SCHWABE, WILLIAMSON & WYATT, P.C.

4 By: _____
   Colin Folawn, WSBA #34211
5  cfolawn@schwabe.com
   1420 Fifth Avenue, Suite 3400
6  Seattle, WA 98101
   Telephone: 206-622-1711
7  Facsimile: 206-292-0460

8  *Attorneys for Plaintiffs Michael Willingham and Esopus Creek Value LP*

REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO REMAND, OR IN THE ALTERNATIVE
TRANSFER FOR HEARING ON REMAND - 7

PDX/121991/175276/CJF/6076127.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101-4010
Telephone 206.622.1711