The Honorable Paul B. Snyder
Chapter 11
Hearing Date: Friday, June 11, 2010
Hearing Time: 10:30 a.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC.,<br><br>Debtor. | Case No. 08-12229-MFW<br>District of Delaware<br><br>Chapter 11 |
| ESOPUS CREEK VALUE LP and<br>MICHAEL WILLINGHAM<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL, INC.,<br><br>Defendant. | Adversary No. 10-04136<br><br>**REPLY IN SUPPORT OF WASHINGTON MUTUAL, INC.'S MOTION TO TRANSFER, STAY, OR DISMISS THE INSTANT ACTION** |

The Court should grant defendant Washington Mutual, Inc.'s ("WMI") Motion to Transfer, Stay, or Dismiss the Instant Action ("Motion to Transfer"). Plaintiffs Michael Willingham's and Esopus Creek Value LP's ("Esopus"; collectively "Plaintiffs") opposition failes to address one of the grounds for transfer, ignores governing law, and misstates and misrepresents material facts.

REPLY IN SUPPORT OF WMI'S MOTION TO
TRANSFER, STAY, OR DISMISS (NO. 08-12229-MFW)–1

53000-0005/LEGAL18459699.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# ARGUMENT

## A. The Court Should Transfer the Instant Action Under 28 U.S.C. § 1412

As an initial matter, Plaintiffs do not even attempt to argue that transfer from this Court to the Delaware Bankruptcy Court is inappropriate pursuant to 28 U.S.C. § 1412. As WMI argued in its opening brief (Dkt. # 11 at 8-9), this Court may transfer this action under section 1412 in the interests of justice or for the convenience of the parties. Here, there is a strong presumption in favor of litigating this case in the Delaware Bankruptcy Court – the home court of WMI's chapter 11 proceedings and the court that has been handling numerous matters related to WMI and its affiliates for more than 20 months. *See generally Cooper v. Daimler AG*, 2009 U.S. Dist. LEXIS 114260, at *12 (N.D. Ga. Dec. 3, 2009). The Court must also consider other factors in determining whether transfer is appropriate, all of which either weigh in favor of transfer, or are neutral. (Dkt. # 11 at 8-9.)

For their part, Plaintiffs have not identified a single factor that weighs against transferring this action to the Delaware Bankruptcy Court, and they have not otherwise put forth arguments against transfer under section 1412. Plaintiffs have, therefore, effectively conceded that transfer is appropriate under section 1412. *See, e.g., Interfood Holding, B.V. v. Rice,* 607 F. Supp. 2d 1059, 1065 (E.D. Mo. 2009) (failure to address issue in opposition to motion deemed a concession). Thus, even if the Court were to find that the first-to-file rule does not apply (it does), it should transfer the action to the Delaware Bankruptcy Court pursuant to section 1412.

## B. The First-to-File Rule Applies Because the Plaintiffs and Issues in This Case Are Identical to, or at Least Substantially the Same as, Those in the First-Filed Adversary Proceeding

The Court should also transfer this case based on the first-to-file rule. Plaintiffs' arguments on this point are based on flawed articulations of the governing law and repeated misstatements of material fact.

With respect to the law, contrary to Plaintiffs' arguments, courts in this Circuit are clear that, "[t]he parties in the two actions need not be identical for the purposes of the first-to-file rule,

REPLY IN SUPPORT OF WMI'S MOTION TO
TRANSFER, STAY, OR DISMISS (NO. 08-12229-MFW)–2

53000-0005/LEGAL18459699.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

but there must be similarity or substantial overlap." *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 U.S. Dist. LEXIS 7871, at *5 (W.D. Wash. 2003) (citations omitted); *see also Audio Entm't Network, Inc. v. American Tel. & Tel. Co.*, 1999 WL 1269329, at *1 (9th Cir. 1999) (first-to-file rule applicable "where the parties and issues are substantially similar"); *American Guar. and Liab. Ins. Co. v. U.S. Fidelity & Guar. Co.*, 2006 WL 3499342, at *4 (W.D.Wash. 2006) (relying on *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) and applying the first-to-file rule because the parties and issues were "substantially similar" though not identical).

Here, in any event, there is little question that the parties are identical in all material respects. Plaintiffs admit that Mr. Willingham (who only acquired beneficial ownership of his shares post-bankruptcy) and Esopus "sit on the Equity Committee." (Opp. 3.) In fact, Mr. Willingham is the chair of the Committee. Moreover, Plaintiffs' claim that they are not "one and the same" with the Equity Committee because "plaintiffs and the Equity Committee have separate counsel" not only is meaningless but also disingenuous. *Id.* On or about May 17, 2010, at the same time that Plaintiffs' counsel (of record) in this action asked WMI's counsel in this action to stipulate to an immediate transfer so that Judge Walrath could consider Plaintiffs' motion to remand (Dkt. # 21at 93), Stephen Susman, the Equity Committee's counsel in the Adversary Proceeding in the Delaware Bankruptcy Court, called Brian Rosen, WMI's counsel in the Adversary Proceeding in the Delaware Bankruptcy Court, to ask *the same thing*. *See* Decl. of Brian Rosen in Support of WMI's Reply in Support of Mot. to Transfer ¶ 3. The Equity Committee's counsel has clearly been involved in this action; he called WMI's lead bankruptcy attorney himself.

Further, there can be no doubt that the Plaintiffs' interest in this case is identical to the Equity Committee's interest in the Adversary Proceeding. Indeed, Plaintiffs concede that the sole issue in the instant action – whether a court should exercise its discretion to compel WMI to convene an annual meeting of shareholders – is <u>identical</u> to the issue raised in the Delaware

REPLY IN SUPPORT OF WMI'S MOTION TO
TRANSFER, STAY, OR DISMISS (NO. 08-12229-MFW)–3

53000-0005/LEGAL18459699.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Bankruptcy Court in the Equity Committee's first-filed action. (*See* Opp. 3.) ("The Equity Committee had also filed an adversary action and a motion for summary judgment, seeking an order to compel a shareholder's meeting.") Thus, in both cases, the plaintiffs seek to compel WMI to hold an annual meeting of shareholders pursuant to RCW 23B.07.030. (*See* Dkt. # 13 (Rava Decl.) Exs. 1, 2 & 9.)

Plaintiffs also do not even attempt to explain how their interests differ (or could differ) from those of the Equity Committee. In fact, they do not and could not differ. As members (and chair) of the Equity Committee, both Plaintiffs "owe[] a fiduciary duty to the class the committee represents." 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy § 1103.05[2] (16th ed. 2010). And, of course, the Equity Committee is charged with representing the interests of its members, two of whom are Plaintiffs here. *See Jacobson v. AEG Capital Corp*. 50 F.3d 1493, 1500 (9th Cir. 1995) ("A committee has a fiduciary responsibility to represent the best interests of their constituency.").

**C.   There Is No Bad Faith Justification for Suspending Application of the First-to-File Rule**

Plaintiffs appear to ask the Court to disregard the first-to-file rule because of WMI's alleged "bad faith." But Plaintiffs again misstate the governing law. Courts recognize a limited "bad faith" exception to the first-to-file rule when a party engages in gamesmanship or forum-shopping. *See Topics Entm't, Inc. v. Rosetta Stone Ltd*., 2010 WL 55900 (W.D. Wash. Jan, 4, 2010); *Zide Sport Shop of Ohio, Inc. v. Ed Tobergate Assoc., Inc*., 2001 WL 897452, at *4 (6th Cir. July 31, 2001). Here, of course, WMI is the *defendant* in both the first-filed Adversary Proceeding in the Delaware Bankruptcy Court and in this action. Under the circumstances, WMI cannot be accused of forum-shopping or gamesmanship. Indeed, WMI is not aware of any court applying the limited bad faith exception to the first-to-file rule against a party that is the defendant in *both* actions.

REPLY IN SUPPORT OF WMI'S MOTION TO
TRANSFER, STAY, OR DISMISS (NO. 08-12229-MFW)–4

53000-0005/LEGAL18459699.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiffs also make much of WMI's refusal to stipulate to a conditional transfer (the same conditional transfer requested by the Equity Committee's counsel). This is a red herring, at best. WMI refused Plaintiffs' proposed stipulation because Plaintiffs would only stipulate to the transfer if WMI agreed (either explicitly or impliedly) that the Delaware Bankruptcy Court would hear Plaintiffs' (then forthcoming) motion to remand. (*See generally* Dkt. # 26 (WMI's Opp. to Pls'. Mot. to Remand) at 4 n.1, 9-10.) It is this Court, however, that is *required* by statute to hear and decide Plaintiffs' motion to remand. Section 1452(b) expressly provides that only the court to which the action was removed is authorized to decide an equitable remand motion. *See* 28 U.S.C. § 1452(b) ("*The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.*" (emphasis added)); *see Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 380 (Bankr. E.D. Ark. 2003) ("§ 1452 provides for removal to the district in which the removed civil action was pending *rather than the district in which the bankruptcy case was filed*, and provides that the court to which the civil action is removed may remand such cause of action on any equitable ground." (emphasis added)); *AG Indus., Inc. v. AK Steel Corp. (In re AG Indus., Inc.)*, 279 B.R. 534, 540 (Bankr. S.D. Ohio 2002) (same). WMI could not agree to a transfer that included (either explicitly or impliedly) a condition that was contrary to law and that would engender procedural delay. (*See* Dkt. # 26 (WMI's Opp. to Pls'. Mot. to Remand) at 9-10.) This is not gamesmanship or forum-shopping, and it is certainly not bad faith.

## CONCLUSION

For the foregoing reasons and those fully articulated in WMI's opening brief, the Court should grant WMI's Motion to Transfer, Stay, or Dismiss the Instant Action.

REPLY IN SUPPORT OF WMI'S MOTION TO
TRANSFER, STAY, OR DISMISS (NO. 08-12229-MFW)–5

53000-0005/LEGAL18459699.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: June 8, 2010.

**PERKINS COIE LLP**

By: s/ *John S. Kaplan*
John S. Kaplan, WSBA No. 23788
JKaplan@perkinscoie.com
David J. Burman, WSBA No. 10611
DBurman@perkinscoie.com
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
Penny Fields, WSBA No. 36024
PFields@perkinscoie.com
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Brian Rosen, *pro hac vice*
brian.rosen@weil.com
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000
Facsimile: 212.310.8007

Attorneys for Washington Mutual, Inc.

REPLY IN SUPPORT OF WMI'S MOTION TO
TRANSFER, STAY, OR DISMISS (NO. 08-12229-MFW)–6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

53000-0005/LEGAL18459699.1